IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ZACHARY HALL** : | | CIVIL ACTION |
| 213 Renaissance Drive : | | |
| Pine Hill, New Jersey  08021 : | | |
| : | | |
| Plaintiff : | | |
| : | | |
| vs. : | | |
| : | | |
| **NATIONAL RAILROAD PASSENGER** : | | |
| **CORPORATION (AMTRAK)** : | | **JURY TRIAL DEMANDED** |
| : | | |
| Defendant : | | NO. |

**COMPLAINT**

1. The plaintiff herein is Zachary Hall, a citizen and resident of the State of New Jersey, residing therein at 213 Renaissance Drive, Pine Hill, New Jersey 08021.

2. This action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, §51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act".

3. The defendant is a corporation duly organized and existing under and by virtue of the laws of the United States of America and regularly does business in the Eastern District of Pennsylvania.

4. At the time and place hereinafter mentioned and for a long time prior thereto, the defendant, as a common carrier, operated trains carrying passengers, express packages, baggage and foreign and domestic mail, in commerce, between the different states of the United States and its territories.

1

5.  At the time and place hereinafter mentioned, the acts of omission and commission, causing the injuries to the plaintiff, were done by the defendant, its agents, servants, workmen and/or employees, acting in the course and scope of their employment with, and under the control of, the defendant.

6.  At the time and place hereinafter mentioned, the plaintiff and the defendant were engaged in interstate commerce between the different states of the United States and its territories.

7.  At all times material hereto, plaintiff was employed by defendant National Railroad Passenger Corporation as a trackman and working foreman.

8.  All of the property, equipment and operations involved in the incident herein referred to were owned by and under the control of the defendant, its agents, servants, workmen and/or employees.

9.  As a result of the incident herein referred to, plaintiff has suffered a loss and impairment of earnings and earning power and may suffer the same for an indefinite time in the future; has undergone great physical pain and mental anguish and may undergo the same for an indefinite time in the future; has been obliged to and may have to continue to expend large sums of money in the future in an effort to effect a cure of his injuries, and was unable to attend to his usual duties and occupation for a large part of this year.

10. The incident herein referred to was caused solely and exclusively by the negligence of the defendant, its agents, servants, workmen and/or employees, and was due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

11. The incident described below was caused by the negligence of the defendant, its agents, servants, workmen and/or employees, and by the defendant's violation of "The Federal Employers' Liability Act" and was due in no manner whatsoever to any act or failure to act on the

part of the plaintiff.

12. On or about Saturday, February 22, 2025, at approximately 12:15 a.m., and for some time prior thereto, plaintiff was employed by defendant Amtrak as a trackman and a working foreman and was assigned to a work gang to perform track surfacing work at defendant's PHIL Interlocking located south of 30th Street Station in Philadelphia.

13. In that particular location, Track 3 was elevated but had been taken out of service.

14. Therefore, plaintiff was required to walk to Track 4 in order to place a shunt onto the rail.

15. While the subject area was lit with lights from the interlocking, an overhead bridge adversely affected that lighting and there was no additional lighting provided at the worksite.

16. As plaintiff was partially in the process of walking down a downgrade in order to place the shunt, he was caused to trip and injure his left foot and ankle due to the failure of the defendant to provide sufficient illumination and failure to place a sufficient amount of ballast between the railroad ties, tie butts and other adjacent areas to the track.

17. As a result of the negligence of the defendant, its agents, servants, workmen and/or employees, including violating the Federal Employers' Liability Act by failing to provide the plaintiff with a reasonably safe workplace, plaintiff sustained the severe and permanent injuries described below.

18. As a result of the negligence of the defendant, its agents, servants, workmen and/or employees including, but not limited to, failing to provide adequate lighting at the scene of the incident; failing to sufficiently fill in all open cribs and holes in and around the ties, tie butts and adjacent track areas; failing to properly inspect, maintain and repair the track area where the plaintiff was walking; failing to grade the track area so as to provide a safe and suitable walking

surface; failing to prevent and remove tripping and falling hazards from the subject area; failing to implement and enforce a Job Safety Analysis for the assigned task; and failing to warn the plaintiff of the aforementioned dangerous conditions; plaintiff sustained the severe and permanent injuries described below.

19. As a result of the aforesaid incident, plaintiff sustained serious and permanent injuries to his left foot and ankle including, but not limited to, multiple lateral left ankle ligament sprains and tears with associated edema requiring reconstructive ankle surgery on May 19, 2025 as well as an increased risk of post-traumatic arthritis. Some or all of the plaintiff's injuries may be permanent in nature and may require additional treatment and surgery and the full extent of the plaintiff's injuries is not presently known.

**WHEREFORE**, plaintiff claims of the defendant, a sum in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

Respectfully submitted,

**COFFEY KAYE MYERS & OLLEY**

BY: *Michael J. Olley*
MICHAEL J. OLLEY, ESQUIRE
Attorney I.D. No. 56118
Two Bala Plaza, Suite 718
Bala Cynwyd, PA 19004
Telephone: 610-668-9800
Fax: 610-667-3352
Attorney for Plaintiff Zachary Hall

Dated: 12/1/2025